UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANTHONY BARTLING, et al.,<br>　　　　Plaintiffs,<br>　v.<br>APPLE INC.,<br>　　　　Defendant. | Case No. 5:18-cv-00147-EJD<br><br>**ORDER GRANTING MOTION TO CONSOLIDATE ACTIONS AND FOR APPOINTMENT OF INTERIM CLASS COUNSEL**<br><br>Re: Dkt. No. 29 |
| ROBERT GIRALDI,<br>　　　　Plaintiff,<br>　v.<br>APPLE INC.,<br>　　　　Defendant. | Case No. 5:18-cv-00271-EJD |

Plaintiffs Anthony Bartling et al. and Robert Giraldi (collectively, "Plaintiffs") filed separate actions on behalf of themselves and other similarly situated against Defendant Apple Inc. ("Apple" or "Defendant") for alleging violations of various consumer protection laws and tort claims arising out of security vulnerabilities in Apple products. Presently before the Court is a joint motion by Plaintiffs to consolidate the two actions and appoint the three law firms that represent Plaintiffs as interim lead counsel for the purported class. Dkt. No. 29. Defendant has not filed an opposition to this motion. *See* Dkt. No. 31.

Having reviewed the material relevant to this matter, the court finds Plaintiffs' unopposed

Case No.: 5:18-cv-00147-EJD
ORDER GRANTING MOTION TO CONSOLIDATE ACTIONS AND FOR APPOINTMENT OF INTERIM CLASS COUNSEL

1

motion appropriate for decision without oral argument pursuant to Civil Local Rule 7-1(b). Accordingly, the hearing scheduled for May 3, 2018 will be vacated and the motion will be granted based on the terms which follow.

## I. CONSOLIDATION

The district court may consolidate actions involving common questions of law and fact. Fed. R. Civ. P. 42(a)(2). The court exercises "broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." *Morin v. Turpin*, 778 F. Supp. 711, 733 (S.D.N.Y. 1991) (citing 6 C. Wright & A. Miller, Federal Practice and Procedure § 1471, at 359 (1971)). In exercising this discretion, the court "weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984). Consolidation may occur upon motion by a party or su*a sponte*. *In re Adams Apple, Inc*., 829 F.2d 1484, 1487 (9th Cir. 1987).

Upon review of the complaints in each of the actions presented here, the Court finds that each case presents substantially similar factual and legal issues. The Plaintiffs in each action allege that they were harmed because they purchased Apple products which contained security vulnerabilities, such as "Meltdown" and "Spectre." Each action includes claims of breach of express and implied warranty, negligence, unjust enrichment, and violations of New York Generla Business Law § 349. The actions are in the same procedural stage as Defendants have not yet filed an answer or responsive motion. In addition, since the claims for each case arise from a similar nucleus of events, discovery issues relating to each action will be parallel. Further, there appears to be no basis to find that consolidation would cause inconvenience, delay or expense, especially since the parties appear to agree with the consolidation request. As such, the court finds consolidation appropriate.

## II. APPOINTMENT OF INTERIM CLASS COUNSEL

Pursuant to Federal Rule of Civil Procedure 23(g)(3), the court "may designate interim

Case No.: 5:18-cv-00147-EJD
ORDER GRANTING MOTION TO CONSOLIDATE ACTIONS AND FOR APPOINTMENT OF INTERIM CLASS COUNSEL

2

counsel to act on behalf of a putative class before determining whether to certify the action as a class action." "Instances in which interim class counsel is appointed are those in which overlapping, duplicative, or competing class suits are pending before a court, so that appointment of interim counsel is necessary to protect the interests of class members." *White v. TransUnion, LLC*, 239 F.R.D. 681, 683 (C.D. Cal. 2006) (citing Manual for Complex Litigation (Fourth) § 21.11 (2004)). Although Rule 23(g)(3) does not provide a standard for appointment of interim counsel, the court may consider the factors contained in Federal Rule of Civil Procedure 23(g)(1). Under that section, the court considers: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. Proc. 23(g)(1)(A). The court may also "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. Proc. 23(g)(1)(B).

Plaintiffs move to appoint their attorneys, Lowey Dannenberg, P.C. ("Lowey Dannenberg"), Berman Tabacco, and Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein"), as interim class counsel. Dkt. No. 29. Each of these firms are experienced in class action litigation. *See* Declaration of Vincent Briganti ("Briganti Decl."), Dkt. No. 29-1, at ¶¶ 4-17; Declaration of Todd Seaver ("Seaver Decl."), Dkt. No. 29-2, at ¶¶ 5-19; Declaration of Janine Pollack ("Pollack Decl."), Dkt. No. 29-3, at ¶¶ 5-13. For this case, these firms have conducted a detailed investigation and analysis of the design, manufacture, and operation of the Apple CPUs at issue, including engaging experts or attorneys with technical backgrounds. Briganti Decl. ¶ 2; Seaver Decl. ¶ 2; Pollack Decl. ¶ 3. The firms appear to have cooperated with one another in the process, and appear to be able and willing to work well together. *See* Briganti Decl. ¶ 18-19; Seaver Decl. ¶¶ 20-21; Pollack Decl. ¶¶ 14.

Having reviewed the papers filed for this motion in the context of Rule 23, the Court finds

Case No.: 5:18-cv-00147-EJD
ORDER GRANTING MOTION TO CONSOLIDATE ACTIONS AND FOR APPOINTMENT OF INTERIM CLASS COUNSEL

3

that Lowey Dannenberg, Berman Tabacco, and Wolf Haldenstein are qualified to represent the putative class as co-lead interim class counsel.

**III. ORDER**

The motion to consolidate the above-captioned cases and appoint interim class counsel (Dkt. No. 29) is GRANTED. The Court hereby ORDERS that:

1. The Clerk of the Court shall consolidate case numbers 5:18-cv-00147-EJD and 5:18-cv-00271-EJD into one case such that the earliest-filed action, 5:18-cv-00147-EJD, is the lead case. All future filings shall be in 5:18-cv-00147-EJD and shall bear the caption: "In re Apple Processor Litigation." All future related cases shall be automatically consolidated and administratively closed after a judicial determination that such cases are related. Since the later actions are now subsumed by the first-filed action, the Clerk shall administratively close case number 5:18-cv-00271-EJD.

2. The court appoints Lowey Dannenberg, Berman Tabacco, and Wolf Haldenstein as interim Co-Lead Counsel ("Co-Lead Counsel") for the putative class.

3. *Duties and Powers of Co-Lead Counsel*. Co-Lead Counsel shall have the following responsibilities:

   a. To make, brief and argue motions, and to file papers and participate in proceedings initiated by other parties;

   b. To initiate, conduct and defend discovery proceedings;

   c. To act as spokesperson at pretrial conferences;

   d. To negotiate with defense counsel with respect to settlement and other matters;

   e. To call meetings of counsel for Plaintiffs in this action;

   f. To make all work assignments to Plaintiffs' counsel to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort;

   g. To conduct trial and post-trial proceedings;

        h.    To consult with and employ experts;

        i.    To request that the Court approve settlements, if any, and fee awards;

        j.    To allocate fees;

        k.    To perform such other duties and to undertake such other responsibilities as it deems necessary or desirable in the prosecution of this litigation; and

        l.    To coordinate and communicate with Defendant's counsel with respect to matters addressed in this paragraph and subparts.

4. No motion, request for discovery, or other pretrial proceedings shall be initiated or filed by any plaintiff except through Co-Lead Counsel and no Plaintiff(s)' counsel shall be authorized to perform any work in the case without the express authorization of Co-Lead Counsel.

5. Co-Lead Counsel shall have sole authority to communicate with Defendant's counsel and the Court on behalf of any Plaintiff unless that authority is expressly delegated to other counsel. Defendant's counsel may rely on all agreements made with Co-Lead Counsel, and such agreements shall be binding on all other Plaintiffs' counsel.

6. Nothing herein shall limit the requirements on any plaintiff and their counsel set forth in FRCP Rule 23, or shall pertain to whether this action should be certified as a class action, whether any plaintiff is an adequate representative of any class that may be certified, or whether a plaintiff's counsel is adequate counsel for any such class.

7. Nothing herein shall limit Defendant's right to oppose the certification of any class or the final appointment of any class representative or class counsel.

8. The terms of this Order shall not prejudice or constitute a waiver by any party of any claims in or defenses to this action.

9. Within 21 days of the date this order is filed, Plaintiffs in *In re Apple Processor Litigation* shall file a Consolidated Amended Class Action Complaint.

Case No.: 5:18-cv-00147-EJD
ORDER GRANTING MOTION TO CONSOLIDATE ACTIONS AND FOR APPOINTMENT OF INTERIM CLASS COUNSEL

5

**IT IS SO ORDERED.**

Dated: April 27, 2018

_____
EDWARD J. DAVILA
United States District Judge